IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 1 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01422-BNB

MARCELLOUS ANDER ROEBUCK,

    Applicant,

v.

ANGEL MEDINA, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, Marcellous Ander Roebuck, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) and is currently incarcerated at the Limon Correctional Facility. He initiated this action by submitting to the Court *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 10, 2010. Mr. Roebuck is challenging the validity of his convictions pursuant to a guilty plea in Case No. 00CR0412 in the Fremont County District Court. Also pending is Mr. Roebuck's "Motion in Abeyance and or Stay Pursuant to 28 U.S.C. § 2251" (Motion to Stay) [Doc. No. 4], filed June 17, 2010.

In an order filed on July 1, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed their pre-answer response on August 6,

2010, after obtaining an extension of time. Mr. Roebuck filed a reply on August 30, 2010.

The Court must construe liberally the Application filed by Mr. Roebuck because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

## I. Background and State Court Proceedings

Mr. Roebuck was convicted of second degree murder, aggravated robbery, conspiracy to commit aggravated robbery, and tampering with physical evidence pursuant to a plea agreement. On July 25, 2001, the state district court sentenced him to an aggregate prison term of eighty-three years in the CDOC. Pre-Answer Resp. Ex. A at 14-15. Mr. Roebuck did not file a direct appeal of his convictions or sentences. Application at 2.

On November 21, 2001, Mr. Roebuck filed a motion for sentence reduction under Colo. Crim. P. 35(b), but requested a delayed ruling. Pre-Answer Resp. Ex. A at 14; Ex. D. He then filed a motion for post conviction relief pursuant to Colo. Crim. P. Rule 35(c) on February 14, 2003, asking to withdraw his guilty pleas due to ineffective assistance of counsel. *Id.*, Ex. A at 14; Ex. B at 1. The trial court appointed counsel to represent Mr. Roebuck in the Rule 35(c) proceeding, and transcripts were ordered. *Id.*,

2

Ex. A at 13. The case remained dormant in the state court until January 11, 2005, when appointed counsel asked the court to schedule a hearing. *Id.* After several continuances, the state court set a briefing schedule on July 8, 2005. *Id.* During the next eight months, appointed counsel obtained numerous extensions of time to file an opening brief, but failed to do so, and the state court ultimately appointed substitute counsel. *Id.* at 12-13. The state court thereafter denied Mr. Roebuck's Rule 35(b) and Rule 35(c) motions, after holding an evidentiary hearing in November 2007. *Id.* at 10.

The Colorado Court of Appeals affirmed the state trial court's denial of Mr. Roebuck's motions for post-conviction relief in ***People v. Roebuck***, No. 07CA2434 (Colo. App. Dec. 10, 2009) (unpublished opinion). Pre-Answer Resp. Ex. B. The Colorado Supreme Court denied certiorari review on April 5, 2010. Application, attachment.

Mr. Roebuck then filed the instant Application, which was received by the Court on June 10, 2010. He asserts a single claim for relief: that his appointed counsel was constitutionally ineffective in conjunction with his plea agreement because counsel failed to: (a) challenge Applicant's tardy first appearance before a judge for an advisement of rights; (b) investigate exculpatory witnesses prior to the preliminary hearing; (c) determine that Applicant's videotaped confession to the police was coerced and involuntary; (d) investigate potential defenses, such as intoxication, self-defense, defense of others, and choice of evils; (e) inform Applicant about the evidence in the case in order to induce him to plead guilty; (f) ensure that Applicant received an

adequate advisement of his rights in conjunction with his guilty plea; (g) advise Applicant about the consequences of his guilty plea; (h) object to aggravated sentencing, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and, (i) failed to argue at sentencing that the rule of merger applied to Applicant's convictions for second degree murder and aggravated robbery.

Respondents contend that the Application is time-barred under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Pre-Answer Resp. at 4-8. Respondents further argue that Mr. Roebuck failed to exhaust state remedies for the issues raised in claims 1(a), 1(c), 1(e), 1(f), 1(h) and 1(i). *Id.* at 11-12. Respondents concede that claims 1(b), 1(d), and 1(g) are exhausted. *Id.*

## II. AEDPA Time Bar

Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

4

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Roebuck's conviction became final on September 8, 2001 (a Saturday), forty-five days after he was sentenced on July 25, 2001. *See* Colo. App. R. 4(b). Because Mr. Roebuck could have filed his appeal on September 10, 2001 (a Monday), the statute started to run on September 11, 2001.

The Court must next determine whether any of Mr. Roebuck's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing

5

preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The AEDPA time clock ran for **71 days** between September 11, 2001 and November 21, 2001, when Mr. Roebuck filed a motion for reduction of sentence under Colo. Crim. P. 35(b), tolling the statute of limitations. *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006). On February 14, 2003, Applicant filed his Rule 35(c) motion for post-conviction relief. The state trial court did not rule on either motion until November 15, 2007. Respondents argue, however, that the statute of limitations was not tolled during that entire period because Mr. Roebuck did not exercise diligence to exhaust his state court remedies between September 19, 2003 and January 11, 2005.

The record reflects that the state trial court entered an order granting transcripts to Applicant at state expense in the post conviction proceeding on September 19, 2003. After that date, there is no activity reflected on the court's docket until counsel contacted the court on January 11, 2005, to schedule a motions hearing. Applicant's appointed

counsel thereafter moved for several extensions of time and was ultimately removed from the case by the trial court for failing to file an opening brief and substitution counsel was appointed. See generally Pre-Answer Resp. Ex. A at 13.

Although appointed counsel's inaction is inexplicable, the Court nonetheless finds that Mr. Roebuck was attempting to exhaust his state court remedies through proper use of state court procedures during the 486-day period between September 19, 2003, and January 11, 2005. Unlike the circumstances addressed in *Gibson*, 232 F.3d at 807, Applicant did not file a post-conviction motion and then abandon it to file a different post-conviction motion. Instead, Mr. Roebuck filed his post-conviction motion and pursued it to conclusion in the Colorado Supreme Court. Despite counsel's delays, the trial court did not dismiss Applicant's post-conviction motion for failure to prosecute, but instead eventually appointed substitute counsel and proceeded to hear and decide the motion. The Court finds that Mr. Roebuck's Rule 35(c) motion remained pending until the Colorado Supreme Court denied certiorari review on April 5, 2010. Mr. Roebuck submitted his Application to this Court on June 10, 2010, **sixty-six days later**. Accordingly, a total of **137 days** elapsed on the AEDPA time clock and Mr. Roebuck's Application is timely.

### III. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Roebuck's *pro se* status does not exempt him from the

requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Roebuck argued to the Colorado Court of Appeals in his state post-conviction proceeding that his appointed counsel was constitutionally ineffective in failing to: investigate exculpatory witnesses prior to the preliminary hearing; investigate potential defenses, such as intoxication, self-defense, defense of others, and choice of evils; and, in failing to ensure that Applicant understood the consequences of his guilty plea and his possible sentence. However, Applicant did not present to the state court his claims that counsel was ineffective in failing to: challenge his tardy first appearance; investigate his coerced and involuntary videotaped confession; ensure he received an adequate plea advisement from the court; raise an *Apprendi* objection at sentencing; and, in failing to argue merger at sentencing. The exhaustion requirement is not satisfied where a habeas petitioner's ineffective assistance of counsel claim is based on different reasons than those presented to the state courts. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). The Court therefore finds that claims 1(a), 1(c), 1(e), (1)(f), 1(h) and 1(i) are not exhausted.

Additionally, the claims are procedurally defaulted for purposes of federal habeas review if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Bland v. Sirmons*, 459 F.3d at 999, 1012 (10th Cir. 2006).

Respondents contend that any future state post-conviction motion filed by Mr. Roebuck asserting claims of ineffective assistance of counsel would be denied as successive under Colo. Crim. P. Rule 35(c)(3) because the claims were or could have been raised in the earlier post conviction proceeding. *See* Colo. Crim. P. Rule 35(c)(3)(VI) and (VII) ("The court shall deny any claim that [was raised or resolved in a prior . . . postconviction proceeding] or that could have been presented in a[ ] . . . postconviction proceeding previously brought"); ***Turman v. Buckallew***, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted). Respondents further argue that Mr. Roebuck's future post-conviction motion would also be barred by COLO. REV. STAT. (C.R.S.) 16-5-402 (2009), which establishes a three-year limitations period for collateral review of non-class one felonies (2009). *See **Klein v. Neal***, 45 F.3d 1395, 1398 (10th Cir.1995) (stating that the time limitation established by C.R.S. § 16-5-402 is a firmly established and regularly followed procedural rule).

For his part, Mr. Roebuck maintains that the state courts may entertain a future Rule 35(c) motion from him because he received ineffective assistance of counsel in his state post-conviction appeal. Reply at 14. This argument is unavailing. The Colorado appellate courts have recognized a limited state statutory right to counsel in state post-

conviction proceedings where the prisoner's post-conviction motion has arguable merit. *See Silva v. People,* 156 P.3d 1164, 1168 (Colo. 2007); *People v. Hickey*, 914 P.2d 377, 379 (Colo. App. 1995). If the limited statutory right is triggered, ineffective assistance of counsel may excuse a prisoner's failure to comply with the time limits of C.R.S. § 16-5-402 and may also constitute a special circumstance that allows the trial court to consider a successive Rule 35(c) motion. *See Silva*, 156 P.3d at 1168-70; *Hickey,* 914 P.2d at 379. However, Applicant does not allege that appointed counsel was ineffective in the state district court post-conviction proceeding. Instead, he challenges the effectiveness of post-conviction appellate counsel in failing to raise certain issues on appeal. Mr. Roebuck can only challenge the effectiveness of appellate counsel by filing a successive post-conviction motion in the trial court raising the same issues that the trial court decided against him in his first post-conviction proceeding. Accordingly, the Court finds that Applicant no longer has a remedy in the state courts for his ineffective assistance of counsel claims.

Mr. Roebuck must therefore satisfy the cause and prejudice standard or the fundamental miscarriage of justice exception to be entitled to federal habeas review of the merits of his procedurally defaulted claims. "Cause" for a procedural default exists if some objective factor external to the defense impeded the Applicant's ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. Roebuck argues in his Reply that post-conviction appellate counsel's failure to raise the issues on appeal constitutes cause for his procedural default. Reply at 14. This

11

argument fails, however, because prisoners do not have a constitutional right to counsel in post-conviction applications for relief. *See Coleman*, 501 U.S. at 757 ("Because [the defendant] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [the defendant's] claims in state court cannot constitute cause to excuse the default in federal habeas"); *see also Cummings*, 506 F.3d at 1223 (ineffective assistance of state post-conviction counsel cannot serve as "cause and prejudice" in habeas proceedings to excuse a state procedural default). Moreover, Mr. Roebuck does not make the colorable showing of actual innocence required to demonstrate a fundamental miscarriage of justice. *See Murray*, 477 U.S. at 496 ("where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ"); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (rejecting fundamental miscarriage of justice argument premised on "legal innocence, as opposed to factual innocence").

The Court finds that claims 1(a), 1(c), 1(e), 1(f), 1(h), and (1)(i) are procedurally barred.

## IV. Motion to Stay

Mr. Roebuck has filed a Motion to Stay in which he asks the Court to hold his Application in abeyance while he exhausts state court remedies for several new claims that he has not asserted in his Application. Specifically, Applicant represents that he intends to raise the following additional claims in the state trial court: violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963); violation of his constitutional right

12

to effective assistance of counsel in the state post-conviction proceeding; and, unspecified claims based on the discovery of new evidence. Motion to Stay, at 3. In his Reply to the Pre-Answer Response, Applicant further clarifies that he intends to pursue the following "newly discovered" claims: the trial court failed to advise him of his rights, in violation of Colo. R. Crim. P. 5 and 11; the trial court allowed illegal testimony from the victim's mother during the providency proceeding; and, the sentencing court violated his rights under *Apprendi* by sentencing him in the aggravated range based on facts not found by the jury beyond a reasonable doubt. Reply at 10. Applicant states that he intends to raise all of the above claims in a Colo. Crim. P. Rule 35(a) motion to correct an illegal sentence.

It is doubtful that Applicant has a remedy available to him in the state courts under Rule 35(a). *See People v. Green*, 36 P.3d 125, 127 (Colo. App. 2001) (challenges to the validity of the underlying plea or conviction are governed by Rule 35(c); attacks on the legality of a sentence are governed by Rule 35(a)); *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) (under Colo. Crim. P. 35(a), a sentence is illegal only when it is inconsistent with the statutory scheme outlined by the legislature); *see also* Colo. Crim. P. Rule 35(c)(3)(VI) and (VII). Furthermore, Mr. Roebuck has not amended his Application to include the new claims. If amended, the Court would be confronted with a classic mixed petition that contains both exhausted and unexhausted claims and the entire amended application would be subject to dismissal for failure to

exhaust state remedies. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995).

The Court's resolution of the Motion to Stay is governed by *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court held that a district court has discretion to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 277. However, "stay and abeyance should be available only in limited circumstances." *Id.* Pursuant to *Rhines*, Mr. Roebuck's motion to stay this action may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims potentially are meritorious; and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Initially, Mr. Roebuck has not stated any reason why he failed to exhaust state remedies for the additional claims. The factual bases for his claims challenging his advisements, or lack thereof, and the sentencing proceeding are the grounds for his ineffective assistance of counsel claim and were known to him at the time he filed his state post-conviction motion. Any claims arising out of his providency proceeding were also known to him at the time of his post-conviction proceeding. Mr. Roebuck's failure to pursue state remedies for these claims, but to instead wait and try his luck with a Colo. Crim. P. Rule 35(a) motion after other post-conviction proceedings have proven unsuccessful, is some indication that he is intentionally engaging in dilatory litigation tactics.

Moreover, Applicant's purported claims challenging the effectiveness of his post-conviction counsel during trial and appellate court proceedings are without merit. As discussed above, there is no federal constitutional right to counsel in state post-conviction proceedings and hence no corresponding right to federal habeas relief. *See Coleman*, 501 U.S. at 752.

Mr. Roebuck's allegations of newly-discovered evidence are vague and conclusory. He does not explain the nature of the evidence, when it was discovered, or what type of federal constitutional claim the evidence supports. Without such information, the Court is unable to determine that Applicant's claim based on newly discovered evidence is potentially meritorious. Similarly, Mr. Roebuck's conclusory assertions of recently-discovered *Brady* violations fail to state a meritorious claim for relief that would justify an abatement of this federal habeas proceeding.

Finally, Mr. Roebuck argues that his constitutional rights as recognized recently by the Supreme Court in *Florida v. Powell*, 130 S.Ct. 1195 (2010), were violated when the police conducted a videotaped interview of him before he was arraigned by the state court. Reply at 15. However, *Powell* did not set forth a new rule of constitutional law, but merely clarified that the warnings given to a criminal suspect prior to police questioning must "reasonably convey to a suspect his rights as required by *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)]." 130 S.Ct. at 1204. Further, Applicant raised issues concerning his videotaped statement in his ineffective assistance of counsel claim and

fails to explain why he did not challenge the constitutionality of the statement as a separate substantive claim in his state post-conviction proceeding or on direct appeal.

For the reasons discussed above, the Court finds that Applicant has failed to demonstrate that a stay is warranted in this case under the standards set forth in *Rhines*. Accordingly, it is

ORDERED that claims 1(a), 1(c), 1(e), 1(f), 1(h) and 1(i) of the Application are dismissed as procedurally barred. It is

FURTHER ORDERED that "Motion in Abeyance and or Stay Pursuant to 28 U.S.C. § 2251" [Doc. No. 4], filed June 17, 2010, is denied. It is

FURTHER ORDERED that claims 1(b), 1(d) and 1(g) shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __1st__ day of __October__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01422-BNB

Marcellous Ander Roebuck
Prisoner No. 89490
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9|1|10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk